IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DANETTE R. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 15-9251-JAR |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff Danette Cox's application for a period of disability and disability insurance benefits under Title II of the Social Security Act,[1] and for supplemental security income under Title XVI of the Social Security Act.[2]   Because the Court finds that defendant Commissioner's findings are not supported by substantial evidence, the Court reverses and remands the decision of Defendant Commissioner.

## I.     Procedural History

On June 28, 2012, Plaintiff protectively applied for a period of disability and disability insurance benefits, and for supplemental security income.   In both applications she claims an onset date of August 31, 2009.   Plaintiff was last insured for disability benefits on December 31, 2014.   Plaintiff's applications were denied initially and upon reconsideration.   Plaintiff timely requested a hearing before an administrative law judge ("ALJ").   After a hearing, the ALJ issued a decision finding that Plaintiff was not disabled.   The Appeals Council denied plaintiff's request

---

[1]42 U.S.C. §§ 401–434.
[2]42 U.S.C. §§ 1381–1383f.

for review of the ALJ's decision.   Plaintiff then timely sought judicial review before this Court.

## II.    Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards.[3]   The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4]   In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of the defendant.[5]

## III.   Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[6]   An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[7]   The Secretary has established a five-step sequential evaluation process to determine whether a claimant is disabled.[8]   If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[9]

Plaintiff does not challenge the ALJ's determination at step one that Plaintiff has not

---

[3]*See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).
[4]*Id*. (quoting *Castellano*, 26 F.3d at 1028).
[5]*Id.*
[6]42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).
[7]*Id.* § 423(d)(2)(A); § 1382c(a)(3)(B).
[8]*Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).
[9]*Id.*

engaged in substantial gainful activity[10] since August 31, 2009, the alleged onset date.   Nor does

Plaintiff challenge the ALJ's determination at step two that Plaintiff has medically "severe"

impairments: depression with anxiety-related symptomatology, mild degenerative disc disease,

and asthma.   Nor does Plaintiff challenge the ALJ's determination at step three that none of her

severe impairments or combination of impairments meet or medically equal a listing.

But Plaintiff challenges the ALJ's determination of her residual functional capacity (RFC),

which Plaintiff argues is the erroneous product of the ALJ failing to give proper consideration to

the opinions of her treating psychologist, Linda Gates, and treating psychiatrist, Dr. Danielle

Skirchak.

## IV.    Discussion

### ALJ's failure to consider opinion of psychologist Gates as the opinion of an acceptable medical source.

Plaintiff contends that the ALJ erred in giving no weight to the opinion of Plaintiff's

treating psychologist, Linda Gates, on the basis that Gates was not an acceptable medical source

because she was not a physician.   But acceptable medical sources include not just physicians, but

also licensed or certified psychologists.[11]   The record is somewhat confusing on this point, as

Gates refers to herself as a therapist, an LMLP, and/or a licensed psychotherapist.   But, as

Plaintiff points to, during the relevant time period, Gates was a licensed masters-level psychologist

in the State of Kansas, and thus seems to qualify as an acceptable medical source.

To be sure, that was not the only reason the ALJ expressed in according Gates' opinion no

weight.   The ALJ further explained that Gates failed to mention Plaintiff's use of drugs and

---

[10]*See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).
[11]*See* 20 C.F.R. § 404.1502, defining acceptable medical source as one of the sources described in §404.1513(a), which in turn defines acceptable medical sources as licensed physicians, licensed or certified psychologists, licensed optometrists and podiatrists, and qualified speech-language pathologists.

alcohol in relation to her alleged mental impairments and that Gates' opinions were vague, conclusory, and supported by little explanation and not supported by the objective medical evidence.   These are the same reasons the ALJ gave in not assigning "any great weight" to the opinions of Plaintiff's treating psychiatrist, Dr. Danielle Skirnak.

The opinion of a treating provider, such as licensed psychologist Linda Gates or psychiatrist Dr. Danielle Skirnak, must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence in the record, but if it is "deficient in either respect, it is not entitled to controlling weight."[12]   In fact, a treating physician's medical opinion is subject to a two-step inquiry.   First, an ALJ must give such an opinion "controlling weight" if it is "'well-supported by medically acceptable clinical or laboratory diagnostic techniques'" and is not "'inconsistent with the other substantial evidence in the case record.'"[13]

And, if a treating physician's medical opinion is not entitled to controlling weight, it is still entitled to deference; and at the second step of the analysis, the ALJ must make clear how much weight the opinion is being given, including whether it is being rejected outright, and give good reasons, tied to the factors specified in the regulations."[14]   Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention

---

[12]*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2) and citing SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).
[13]*Id.*; *see also* 20 C.F.R. § 416.927(d)(2) (listing same criteria).
[14]*Krause v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

which tend to support or contradict the opinion.[15]   Further, if the ALJ does not give a treating physician's opinion controlling weight, he must consider *all* other medical opinions in the record to see if they outweigh the reports of the treating physician.[16]   And in evaluating the opinion of a medical source, it is proper for the ALJ to consider, *inter alia*, the degree to which the physician's opinion is supported by relevant evidence and the consistency between the opinion and the record as a whole.[17]

Here, the ALJ failed these directives in several respects.   First, the ALJ failed to recognize that Dr. Skirnak and Ms. Gates began treating Plaintiff in the fall of 2012, shortly after Plaintiff's third suicide attempt in a fifteen-month period, and continued to treat her through 2013.   Second, Dr. Skirnak's April 2013 opinion and Ms. Gates' July 2013 opinion were largely consistent with each other, and were largely supported by contemporaneous notes in their treatment records.   For example, Gates and/or Skirnak's notes reference Plaintiff's problems with: sleep and mood disturbances; emotional lability; recurrent panic attacks; anhedonia; feelings of guilt and worthlessness; difficulty with concentration; periodic isolating behaviors; decreased energy; intrusive recollections of traumatic experiences (kidnaping and abandonment); generalized persistent anxiety; hostility or irritability; traveling to unfamiliar places or locations; and pathological dependence or passivity.   Both treating providers recorded many instances of Plaintiff's interpersonal difficulties, particularly with her mother-in-law, with whom she resided. And, both treating providers opined that Plaintiff had marked limitations in memory, concentration, persistence, pace, ability to work with others or under supervision and other key functional areas.   The ALJ erred in discrediting their opinions as lacking in explanation or support

---

[15]*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995) (citing 20 CFR § 404.1527(d)(2)-(6)).
[16]SSR 96-5P, 1996 WL 374183 (July 2, 1996).
[17]*Goatcher*, 52 F.3d at 290.

in the medical record.   Moreover, the ALJ erred in finding that neither Dr. Skirnak nor Ms. Gates recognized Plaintiff's impairments related to substance abuse.   Indeed, the medical record is replete with instances of them counseling Plaintiff about not drinking, and about them counseling Plaintiff that prescriptions would not be refilled in light of Plaintiff's history of three suicide attempts in 2011 and 2012, two of which involved overdosing on prescribed medications and consuming alcohol.

**V.**     **Conclusion**

In short, the ALJ erred in according no weight to Ms. Gates' opinion, in according no or little weight to Dr. Skirnak's opinion, in failing to consider the *Goatcher* factors and in particular that the opinions of these treating providers did find support in the medical record.   For these reasons, the Court reverses and remands this case to the Commissioner for actions consistent with this opinion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff disability benefits is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated: <u>June 30, 2016</u>

 <u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

6